## FERGUSON v. G. H. A. THOMAS LUMBER COMPANY

(October 29, 1928. Opinion and Decree.)

W. W. Wall, of New Orleans, attorney for plaintiff, appellee.

Wm. McL. Fayssoux, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff brought this suit for described as follows:

Mary Ferguson, for one thousand five hundred dollars damages for personal injury caused by an automobile collision, the benefit of his minor daughter, Miss

"On the morning of December 10th, 1923, about eight o'clock, J. F. Behr was driving his wife, Miss Mary Ferguson, and a small boy, in an automobile, on Tulane Avenue on the uptown side, going towards the river. When near St. Joseph Church, Behr blew his horn to signal the driver of a lumber wagon, drawn by four mules, to move to the side of the street. The driver then pulled over to the right-hand side of the roadway immediately behind another wagon, which had turned out the same direction, but, instead of remaining in that position and allowing plaintiff to pass, the driver suddenly turned his team to the left just as Behr's car was passing, breaking the glass in right door and knocking the handle off."

It is alleged the flying glass cut Miss Mary Ferguson on the lip and hand to such an extent that she had to have her lip sewed up. As a result of these wounds, Miss Ferguson was caused great pain and physical suffering, and her face was permanently disfigured. Before the collision, Miss Ferguson was an unusually beautiful girl, but her looks have been permanently marred by the scar she now has on her face as a result of said collision.

The defendant, after denying all negligence on its part, averred that the automobile was being driven at a rapid rate of speed and in a careless manner, in violation of the city ordinances, and that it struck defendant's mule with such violence as to tear the harness from the animal and render it useless for further service.

The case was tried by a jury and a verdict was rendered in favor of plaintiff for seven hundred fifty dollars.

The sole question before us is the negligence of defendant, as plaintiff's daughter was a guest in the automobile, and the negligence of the driver, Behr, if there was any, cannot be attributed to her.

The jury found the facts against defendant, and as we think their conclusion with reference to the negligence of defendant is amply sustained by the record, it would serve no useful purpose to analyze all of the testimony. This conclusion is strengthened by the fact that if the defendant's wagon was standing in the position shown in defendant's photograph marked "D-3," which was offered as a true picture of the wagon at the time of the accident, it would have been impossible for the automobile to run into the hames of defendant's left mule without turning, as claimed by defendant, because the photograph shows the rear wheel of the wagon further out than the mule.

We think the amount allowed is excessive. The evidence shows that Miss Ferguson's lip was badly cut; that she was carried to the Charity Hospital where it was sewed up, and that she continued to suffer some two or three weeks thereafter, but it was stated by attorney for plaintiff, in argument before this court, that the wound had healed and that the scar was not so disfiguring as had been expected.

Considering these facts, and the former decisions of this court and the Supreme Court, we think that an allowance of four hundred dollars will do substantial justice.

For the above reasons, the judgment is amended and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, William E. Ferguson, for the use and benefit of his minor daughter, Miss Mary Ferguson, and against the defendant, G. H. A. Thomas Lumber Company, in the full sum of four hundred dollars, with legal interest thereon from judicial demand until paid and all costs.